IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HENRY A. DUHADAWAY,                          :
                                             :
              Petitioner,             :
                                             :
v.                                           :       Civ. Act. No. 10-806-LPS
                                             :
PERRY PHELPS, Warden, and JOSEPH             :
R. BIDEN, III, Attorney General              :
of the State of Delaware,                    :
                                             :
              Respondents.            :

---

Henry A. Duhadaway. *Pro se* Petitioner.

Karen V. Sullivan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

March 18, 2014
Wilmington, Delaware

[signature]

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Henry A. Duhadaway ("Petitioner"). (D.I. 1) For the reasons discussed, the Court will dismiss the Petition as time-barred by the limitations period prescribed in 28 U.S.C. § 2244.

## II. BACKGROUND

On June 19, 2001, Delaware State Police Detective Michael Maher responded to the Child Advocacy Center in Milford, Delaware regarding an interview of a possible twelve-year-old victim. (D.I. 10 at 1) The victim told police that he had been molested by Petitioner. Detective Maher also recovered several computer disks from the victim's mother, which contained pornography. A second twelve-year-old victim told police that he had also been molested by Duhadaway. A thirty-one-year-old witness told police that Duhadaway molested him approximately eighty to ninety times when he was between the ages of fifteen and eighteen. *Id.*

On August 31, 2001, Petitioner was charged by information with twelve counts of first degree rape, and one count each of continuous sexual abuse of a child, obscenity, possession of a firearm by a person prohibited, possession of a hypodermic needle, and resisting arrest. *Id.* at 2 A superseding indictment was obtained a few weeks later, charging Petitioner with twelve counts of first degree rape, and one count each of continuous sexual abuse of a child, providing obscenity to a minor, possession of firearm ammunition by a person prohibited, possession of a hypodermic needle, resisting arrest, and unlawful dealing in child pornography. *See State v.*

1

*Duhadaway*, 2002 WL 32071666, at *1 (Del. Super. Ct. June 7, 2002). On February 22, 2002, Petitioner pled *nolo contendere* to second degree rape and unlawful dealing in child pornography, and the State *nolle prossed* the remaining charges. He was immediately sentenced that same day to a total of twenty-five years at Level V incarceration, suspended after fifteen years for a period of probation. *Id.* Petitioner did not appeal his convictions or sentences. (D.I. 1 at 2)

On March 20, 2002, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which the Superior Court denied on June 7, 2002. *See generally Duhadaway*, 2002 WL 32071666. Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision on September 24, 2002. *See Duhadaway v. State*, 807 A.2d 578 (Table), 2002 WL 31127536 (Del. Sept. 24, 2002).

On December 1, 2004, Petitioner filed his second Rule 61 motion. The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision on June 20, 2005. *See Duhadaway v. State*, 877 A.2d 52 (Table), 2005 WL 1469365 (Del. June 20, 2005).

Petitioner then filed his third Rule 61 motion in the Superior Court on January 25, 2010. *See State v. Duhadaway*, 2010 WL 1266857 (Del. Super. Ct. Mar. 31, 2010). The Delaware Supreme Court affirmed the Superior Court's denial of the motion on August 12, 2010. *See Duhadaway v. State*, 2 A.3d 74 (Table), 2010 WL 3187754 (Del. Aug. 12, 2010).

Petitioner filed the instant § 2254 Petition in September 2010. (D.I. 1) The State filed an Answer, asserting that the Petition should be dismissed as time-barred or, alternatively, as meritless under § 2254(d). (D.I. 10)

### III. AEDPA'S ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into

law by the President on April 23, 1996. 28 U.S.C. § 2244(d)(1). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

## IV. DISCUSSION

Petitioner's § 2254 Petition, filed in September 2010, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Because he does not allege, and the Court does not discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D), the one-year period of limitations in this case began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the

3

judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced Petitioner on February 22, 2002, and he did not appeal that judgment. Therefore, Petitioner's conviction became final on March 25, 2002.[1] *See* Del. Supr. Ct. R. 6(a)(ii) (establishing a thirty day period for timely filing of notice of appeal). Accordingly, to comply with the one-year limitations period, Petitioner had to file his Petition by March 25, 2003. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner filed the instant Petition on September 16, 2010,[2] more than seven years after the expiration of the limitations period. Thus, his habeas Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones*, 195 F.3d at 158. The Court will discuss each doctrine in turn.

**A. Statutory Tolling**

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of

---

[1]Because the last day of the appeal period fell on a Sunday (March 24, 2002), Petitioner had until the end of the day on Monday, March 25, 2002, to file an appeal. *See* Del. Supr. Ct. R. 11(a).

[2]Pursuant to the prison mailbox rule, the Court adopts as the date of filing September 16, 2010, which is the date on the Petition. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002) (date on petition is presumptive date of mailing and, thus, of filing).

AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

Petitioner filed his first Rule 61 motion on March 20, 2002, five days before the expiration of the thirty-day period for filing a direct appeal. The Superior Court denied the motion on June 19, 2002, and the Delaware Supreme Court affirmed that decision on September 24, 2002. Consequently, Petitioner's first Rule 61 motion tolled the limitations period from March 20, 2002 through September 24, 2002.

When Petitioner filed his first Rule 61 motion on March 20, 2002, his judgment of conviction had not yet become final. Consequently, he had the full one-year limitations period available to him when the limitations clock started to run on September 25, 2002. Petitioner, however, did nothing, and the limitations period expired on September 25, 2003.

Petitioner filed a second Rule 61 motion in 2004, and a third Rule 61 motion in 2010. However, neither of these motions have any statutory tolling effect because they were filed after the expiration of the limitations period. Thus, the Petition is time-barred, unless equitable tolling applies.

### B. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *See Holland*, 130 S.Ct. at 2560. However, a petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing;"[3] mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these

---

[3] *Holland*, 130 S.Ct. at 2562.

5

principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *see also Thomas v. Snyder,* 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

As a general rule, while a garden variety claim of attorney negligence will not constitute an extraordinary circumstance for equitable tolling purposes, an attorney's egregious error may warrant equitable tolling in certain circumstances. *See Holland,* 130 S.Ct. at 2555-2565. "Egregious error" includes instances where an attorney affirmatively deceives the petitioner about filing a direct appeal, or where the attorney persistently neglects the petitioner's case. *Schlueter v. Varner,* 384 F.3d 69, 76-77 (3d Cir. 2004). "Egregious error" also includes an attorney's failure to file an appeal after an explicit request from the petitioner. *See Velazquez v. Grace,* 277 Fed. App'x 258 (3d Cir. 2008).

In this case, Petitioner contends that the limitations period should be equitably tolled because defense counsel failed to inform him of his right to file a direct appeal. Petitioner, however, has not demonstrated that counsel's conduct amounted to egregious error. First, the record reveals that Petitioner knowingly waived his right to appeal both verbally and in writing when he pled *nolo contendere*. (D.I. 1 at 148-160); *see also Duhadaway,* 2010 WL 1266857, at *1. Moreover, Petitioner does not identify any issues he would have raised in a direct appeal that

he did not raise in his first Rule 61 motion.[4] Third, Petitioner does not assert, and there is nothing in the record to indicate, that he specifically asked counsel to file a direct appeal or that counsel misled Petitioner by stating he would file an appeal. Finally, Petitioner does not assert that he would not have agreed to plead *nolo contendere* but for counsel's failure to tell him that he could appeal his conviction. For all of these reasons, the Court cannot conclude that counsel's conduct was egregious and constituted an extraordinary circumstance for equitable tolling purposes.

Even if the Court viewed counsel's conduct as an extraordinary circumstance, the doctrine of equitable tolling would still be unavailable in Petitioner's case. In order for equitable tolling to apply, a petitioner must demonstrate a causal relationship between the extraordinary circumstance and the lateness of the habeas petition by showing that the extraordinary circumstance prevented the petitioner from complying with the limitations requirement. *See Ross v. Varano*, 712 F.3d 784 (3d Cir. 2013). Notably, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances

---

[4]In Delaware, ineffective assistance of counsel claims cannot be raised at trial or on direct appeal; rather, they must be presented to the Superior Court in a Rule 61 motion. Conversely, other claims of error not raised on direct appeal will be procedurally barred from review if presented for the first time in a Rule 61 motion. *See* Del. Super. Ct. Crim. R. 61(i)(3). In this case, Petitioner's first Rule 61 motion, filed within the thirty-day appeal period, asserted ineffective assistance of counsel claims along with claims alleging violations of his due process rights and pre-trial rights to a speedy trial and bail reduction. Although the ineffective assistance of counsel claims were properly included in Petitioner's first Rule 61 motion, the other claims were not, because Petitioner did not first present them to the Delaware Supreme Court. Nevertheless, the Superior Court explicitly ruled that none of Petitioner's claims were procedurally barred, and reviewed the merits of all of his claims. The Delaware Supreme Court affirmed that decision. By failing to find Petitioner's due process and pre-trial claims procedurally barred from review under Rule 61(i)(3), the Delaware State Courts essentially treated Petitioner's Rule 61 proceeding like a direct appeal.

7

began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003). The obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the prisoner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel*, 546 F.3d 269, 277 (3d Cir. 2008).

Here, Petitioner's conviction became final in 2002, yet he did not raise the issue of counsel's failure to inform him about his direct appeal rights until his third Rule 61 motion in 2010. Although Petitioner asserts that he filed his third Rule 61 motion "as soon as [he] found out he could," he does not explain why it took him eight years to "discover" that counsel failed to inform him about his right to file a direct appeal. Moreover, the timing of Petitioner's state court collateral proceedings demonstrates the he did not exercise reasonable diligence in pursuing his claims. The denial of Petitioner's first Rule 61 motion was affirmed on September 24, 2002, but Petitioner waited more than two full years to file his second Rule 61 motion on December 1, 2004. Then, after the denial of his second Rule 61 motion was affirmed on June 20, 2005, he did not file his third Rule 61 motion until January 25, 2010. Petitioner does not offer any reason for his delay in filing his second and third Rule 61 motions.

Further, Petitioner also does not explain how his alleged lack of knowledge regarding his right to file a direct appeal *prevented* him from filing the instant Petition earlier and in a timely manner. Considering that Petitioner's first state collateral proceeding was decided on September 24, 2002, it appears that Petitioner could have filed his Petition on time notwithstanding

8

counsel's failure to inform him of his right to file a direct appeal if he had exercised reasonable diligence. Thus, Petitioner has failed to demonstrate a causal relationship between counsel's conduct and his failure to file a timely Petition.

Additionally, to the extent Petitioner made a mistake or miscalculation regarding the one-year filing period, that mistake does not warrant equitably tolling the limitations period. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002).

For all of these reasons, the Court concludes that equitable tolling is not available on the facts presented by Petitioner. Accordingly, the Court will dismiss the Petition as untimely.

## V. PENDING MOTION

While this proceeding was pending before the Court, Petitioner filed a Motion to Appoint Counsel. (D.I. 21) The Court has concluded that the Petition is time-barred. Therefore, the Court will dismiss the Motion as moot.

## VI. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, a federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a

9

constitutional right; and (2) whether the court was correct in its procedural ruling. *See id.*

The Court has concluded that Petitioner's habeas Petition does not warrant relief because it is time-barred. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## VII. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.